J-A30042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF ANNA C. KASYCH, DECEASED C/O MILDRED CALKINS, ADMINISTRATRIX | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EDWARD H. BUTZ, ESQUIRE, LEVSAVOY BUTZ & SEITZ, LLC, ST. LUKE'S HEALTH NETWORK, INC., AND ST. LUKE'S HOSPITAL ALLENTOWN CAMPUS | |
| APPEAL OF: MILDRED CALKINS | No. 646 EDA 2015 |

Appeal from the Order Entered February 13, 2015
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2014-C-0961

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

DISSENTING STATEMENT BY MUNDY, J.:          **FILED FEBRUARY 26, 2016**

I respectfully dissent from the Majority's decision to affirm the trial court's order, concluding that the trial court correctly decided that Appellant's complaint was void and without effect.  In my view, the trial court lacked the authority to *sua sponte* address this issue.

As the Majority highlights, the issue presented is that the estate, as the named plaintiff, lacks the capacity to sue.  **See generally** Majority Memorandum at 5-7.  Our Supreme Court has stated "[t]he quintessential example of someone who lacks capacity to sue or be sued is a deceased

---

[*] Former Justice specially assigned to the Superior Court.

person, as capacity only exists in living persons." *In re Estate of Sauers*, 32 A.3d 1241 (Pa. 2011). Furthermore, this Court recently unequivocally stated that issues pertaining to capacity to sue are waivable in Pennsylvania.

> A defendant timely objects to a plaintiff's lack of capacity to sue if the defendant raises this issue in preliminary objections **or** in its answer to the complaint.
>
> It bears emphasis that lack of capacity to sue is treated differently than other issues listed in Rule 1028. Multiple issues listed in Rule 1028 are waived if the defendant fails to raise them in preliminary objections, e.g., improper service of process or lack of personal jurisdiction. Other issues, such as lack of subject matter jurisdiction or failure to join an indispensable party, are never waived. Lack of capacity to sue falls between these two extremes: it is waived not merely through omission from preliminary objections, but through omission from both preliminary objections **and** the answer to the complaint.

*Drake Mfg. Co., Inc. v. Polyflow, Inc.*, 109 A.3d 250, 257-258 (Pa. Super. 2015) (internal citations and footnotes omitted, emphasis in original).

In this case, Butz raised the issue of the estate's lack of capacity to sue in his preliminary objections. Attorney Butz's Preliminary Objections, 7/14/14, at ¶¶ 3-5. The preliminary objections filed by St. Luke's did not raise this issue. At the August 18, 2014 hearing on the preliminary objections, defense counsel for Attorney Butz stated the following on the record to the trial court.

> [Appellant's counsel]: Your Honor, we agree that Mildred Calkins is the proper party. [Appellant] would respectfully state that since she is the only

> party named as Plaintiff in paragraph 14 of the complaint and she also appears in the caption that's been appropriately stated, but if, without any effect on relation back, meaning if the caption to the complaint could be reformed, we have no objection to that.
>
> [Trial Court]: So I should enter an order to that effect?
>
> [Butz's counsel]: Yes. **We've withdrawn our first preliminary objection** based on the agreement I've reached with counsel that the caption of the case will be recaptioned, properly naming … Mildred Calkins as the Plaintiff.

N.T., 8/18/14, at 26 (emphasis added).

Instantly, the trial court's order stated that Appellees' preliminary objections were sustained and Appellant's complaint was dismissed. Trial Court Order, 2/13/15, at 1. However, after August 18, 2014, the trial court no longer had any preliminary objections before it to sustain on this issue. Butz withdrew his preliminary objection that asserted lack of capacity to sue, and St. Luke's never raised such a preliminary objection in the first instance. In my view, it was error for the trial court to then *sua sponte* revive the issue.[1] ***See Drake Mfg. Co.***, ***supra***. The Majority concludes that this is irrelevant because the trial court was correct on the merits of the now waived issue. Majority Memorandum at 7. However, I cannot agree that we may ignore an explicit permissible waiver on the basis that the trial court

_____

[1] In light of my conclusion, any issue pertaining to the statute of limitations would be moot.

- 3 -

was ultimately correct on the merits of the waived issue. ***See, e.g.***, ***Huddleston v. Infertility Ctr. of Am.***, 700 A.2d 453, 457 (Pa. Super. 1997) (concluding trial court erred in *sua sponte* determining that the appellant lacked the capacity to sue when said issue was waived as not raised in preliminary objections).

Based on the foregoing, I conclude the trial court erred when it *sua sponte* sustained Butz's withdrawn preliminary objections based on lack of capacity to sue.  As a result, I would address the balance of Appellant's issues on appeal.  I respectfully dissent.